UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIN COMPARRI,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DIVERSIFIED CONVEYORS INTERNATIONAL LLC, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C20-1795JLR<br><br>ORDER TO SHOW CAUSE |

　　　Before the court is Defendants Diversified Conveyors International LLC and DCI Holdings, Inc.'s (collectively, "Defendants") notice of removal.  (*See* Not. of Removal (Dkt. # 1).)  Having reviewed the complaint (Compl. (Dkt. # 1-1)) and the notice of removal, the court finds that Defendants have failed to allege an adequate basis for subject matter jurisdiction.  The court therefore ORDERS Defendants to show cause by January 4, 2021, why this matter should not be remanded to state court for lack of subject matter jurisdiction.

ORDER - 1

1     Defendants assert that the court's jurisdiction is based on diversity of citizenship

2 under 28 U.S.C. § 1332.  (Not. of Removal ¶ 8.)  The party invoking jurisdiction must

3 allege facts that establish the court's subject matter jurisdiction.  *Lujan v. Defs. of*

4 *Wildlife*, 504 U.S. 555, 560-61 (1992).  Federal diversity jurisdiction requires complete

5 diversity of citizenship between the parties, where each of the plaintiffs is a citizen of a

6 different state than each of the defendants.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d

7 1061, 1067 (9th Cir. 2001).  A limited liability company has the citizenships of all its

8 members.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.

9 2006).  While Defendants state that Diversified Conveyors International LLC is

10 "incorporated in the State of Tennessee and [has its] principal place of business in the

11 State of Tennessee" (Not. of Removal ¶ 12), Defendants make no representation as to the

12 citizenships of Diversified Conveyors International LLC's members (*see id.*).  Thus, as it

13 stands, Defendants have not properly established diversity of citizenship.

14     Accordingly, the court ORDERS Defendants to show cause why this case should

15 be not remanded for lack of subject matter jurisdiction.  If Defendants fail to provide the

16 court with the information described above by January 4, 2021, the court will remand this

17 matter to state court.

18     Dated this 22nd day of December, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 2